UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
WILLIAM GOTTLIEB MANAGEMENT :
CO, LLC, : 20-cv-08907 (PAC)
:
*Plaintiff* :
: **OPINION & ORDER**
v. :
:
ALLAN H. CARLIN, :
:
*Defendant* :
------------------------------------------------------------X

     A certificate of default and default judgment was entered against Defendant Allan H. Carlin ("Carlin") after he failed to respond to the Complaint filed against him by William Gottlieb Management Co, LLC ("WGM"), alleging improper interference with WGM's computer files. Carlin argues he was never properly served and the Court therefore lacks jurisdiction over him or, alternatively, that good cause exists to vacate. WGM opposes Carlin's motion, arguing service was proper and no good cause exists to vacate the default. For the reasons stated below, the Court **GRANTS** Carlin's motion.

## BACKGROUND

     On October 23, 2020, WGM filed a Complaint against Carlin alleging violations of the Computer Frauds and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.*; the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq.*; New York trespass to chattels; and common law negligence. *See generally* Compl., ECF No. 1. Carlin is an attorney duly admitted to practice law in the State of New York and before this Court and is representing himself in this matter *pro se*. Carlin Decl. ¶ 1.

1

On or about October 27, 2020, Carlin's office received two copies of a Notice of a Lawsuit, a Request to Waive Service of Summons, the Complaint, and a return mailing envelope. *Id.* ¶ 6. A paralegal with WGM's counsel emailed the same documents to Carlin the previous night. *Id.* ¶ 7. Carlin declined to waive service, alleging WGM's waiver request did not include various forms as required by Federal Rule of Civil Procedure 4(d). Def. Mem. to Set Aside Default ("Def. Mem."), ECF No. 23; Carlin Decl. Ex. B, ECF No. 22.

On December 31, 2020, WGM's process server attempted to serve Carlin at his Manhattan apartment at least twice. Pl.'s Opp'n at 2, ECF No. 24; Baum Decl., Ex. B, ECF No. 25. Carlin denies knowing WGM was attempting service but acknowledges instructing his doorman to turn away some unknown person twice that same day. Carlin Decl. ¶ 9. When the doorman would not grant access to Carlin's apartment, the process server left the pleadings with the doorman. Baum Decl. Ex. B.

Carlin was then hospitalized from January 6, 2021, through January 11, 2021. Carlin Decl. ¶ 10. "[S]hortly after" returning home to his Manhattan apartment, Carlin's doorman provided Carlin with a copy of the Summons and Complaint. *Id.* ¶ 12. WGM alleges it also served Carlin at his "home and business office" in upstate New York approximately one week later on January 9, 2021. Baum Decl. Exs C & D.

A few weeks later, Carlin received a letter from WGM demanding "immediate payment" of the service costs associated with WGM's purported service. Carlin Decl. Ex. E. Carlin refused, *id.*, and the parties appear to have no further communication after that. Carlin has not responded to the Complaint nor otherwise appeared in this matter.

On March 22, 2021, the Court of Clerk entered a certificate of default against Carlin. *See* ECF No. 8. The Court entered a default judgement on May 10, 2021. *See* ECF No. 9. Carlin now

moves pursuant to Fed. R. Civ. P. 55(c) and 60(b) to set aside the certificate of default and default judgment entered against him in this case.

## DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Carlin moves to set aside the default judgment on the grounds that the judgment was void pursuant to Rule 60(b)(4), or for "any other reason that justifies relief" pursuant to Rule 60(b)(6). Because a judgment voided under Rule 60(b)(4) raises jurisdictional issues and requires a different standard than Rule 60(b)(6), the Court addresses this first.

### I.     Default Under Rule 60(b)(4)

Under Rule 60(b)(4), a court may relive a party from a final judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4). Relief "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

Carlin alleges the default judgment entered against him is void due to insufficient process. "A default judgment 'obtained by way of defective service is void *ab initio* and must be set aside as a matter of law.'" *Voice Tele Services, Inc. v. Zee Telecoms Ltd.*, 338 F.R.D. 200, 202 (S.D.N.Y. 2021) (quoting *Howard Johnson Intern, Inc. v. Wang*, 7 F. Supp. 2d 336, 339 (S.D.N.Y. 1998). This is because a Court must have personal jurisdiction over a defendant to enter a default judgment, and personal jurisdiction requires proper service of process. *See Lian Qing Tu v. 58 Asian Corp.*, 16-cv-7590 (AJN), 2018 WL 1415214, at *1 (S.D.N.Y. Mar. 20, 2018). Unlike other provisions of Rule 60(b), courts have "no judicial discretion when considering a jurisdictional

3

question such as the sufficiency of process." *Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 375–76 (S.D.N.Y. 1998) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) and *Sony Corp. v. Elm State Elec., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)).

"[O]n a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005). Carlin does not deny having actual notice of the proceedings, *id.* ¶¶ 6, 12, and thus bears the burden of proving he was not properly served.

a. Service on Carlin's Manhattan Residence Under Fed. R. Civ. P. 4(e)

Under the Federal Rules of Civil Procedure, an individual may be served, *inter alia*, by leaving the summons and complaint at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). WGM claims it effected proper service under Rule 4(e)(2)(B) by leaving a copy of the complaint at Carlin's residence with the building's doorman. *See* Pl. Opp'n at 3–7. Carlin does not dispute that the Manhattan property was his "dwelling or usual place of abode" on December 31, 2020, when service was allegedly attempted.[1]

Courts in this Circuit conflict on whether leaving the summons with a non-residential doorman

---

[1] Carlin suggests the doormen identified by WGM's process server may not be doormen in his building. *See* Carlin Decl. ¶ 25 n. 2. The Court rejects this. Carlin admits that there are doormen in his building by the name of "Rafi" and "Bill" or "William;" *id.*, that his doorman called up to his unit twice on the alleged day of service to report an unknown visitor, *id.* ¶ 9, and that his doorman gave him a copy of the summons and complaint "shortly after" he returned from the hospital approximately two weeks later, *id.* ¶ 12.

4

satisfies Rule 4(e)(2)(B)'s "resides there" requirement. *See, e.g., 131 Main St. Assocs. v. Manko*, 897 F. Supp. 1507, 1525 (S.D.N.Y. 1995) (determining doorman had a "business" residence in the building); *Espada v. Guardian Serv. Indus.*, 18-CV-5443 (ILG) (JO), 2019 WL 5309963, at *8 (E.D.N.Y. Oct. 18, 2019) (finding service improper when delivered upon the building's non-residential concierge). Courts that have considered the issue in the context of a default judgment have declined to find service was proper. *See Weingeist v. Tropix Media & Ent.*, 20 Civ. 275 (ER), 2022 WL 970589, at *5 (S.D.N.Y. Mar. 30, 2022) (describing the matter as "ambiguous" and analyzing proper service instead under state law).

Carlin denies that any doormen in his building are residents, *see* Carlin Decl. ¶ 13, and WGM offers no evidence to the contrary. Although Carlin admits to receiving the summons and complaint from his doorman, "actual notice of suit [cannot] cure a failure to comply with the statutory requirements for serving process." *Sartor v. Toussaint*, 70 Fed. App'x 11, 13 (2d Cir. 2002). The Court, therefore, "cannot definitively conclude that service ... was proper." *Weingeist*, 2022 WL 970589 at *5.

b. Service on Carlin's Upstate Home Under CPLR 308(2) and (4)

Carlin also carries his burden with respect to service on his upstate home. For cases in this District, an individual may be properly served by following the equivalent New York law. *See* Fed. R. Civ. P. 4(e)(1). Under N.Y. CPLR § 308(2), an individual may be served by delivering the summons "to a person of suitable age and discretion." WGM claims it served Carlin on January 9, 2021, under NY C.P.L.R. § 308(2) at his upstate home and business address by "affix[ing] the pleadings to the door of the building" and mailing a copy two days later. *See* Pl.'s Opp'n at 7–9. As the pleadings were not left with a person of suitable age or discretion, service under § 308(2) fails.

5

CPLR § 308(4), however, permits service by affixing the summons to the door and mailing a copy of the summons to the individual at his "last known residence" or "actual place of business." *Id.* § 308(4). Although WGM does not explicitly cite § 308(4), given that this appears the proper provision for WGM's claimed method of the service, the Court will address it.

In addition to affixing and mailing, the party attempting service must also file proof of service within twenty days of either, whichever is effected later. *Id.* Service "shall be complete ten days after such filing." *Id.* WGM, however, did not file its proof of service until February 26, 2021—well over twenty days after the alleged service and mailing. *See* Affidavit of Service, ECF No. 6. While courts are split on whether technical compliance with § 308's proof of service timing requirements raises a jurisdictional issue, a plaintiff's failure to obtain permission to make a late filing "voids any action taken by the court even when the plaintiff files late on his own." *Stop & Shop Supermarket Co. LLC v. Goldsmith*, No. 10-CV-3502 (KMK), 2011 WL 1236121, at *4–5 (S.D.N.Y. 2011) (citing *Zareef v. Lin Wong*, 877 N.Y.S. 2d 182, 183 (N.Y. App. Div. 2d Dep't 2009)).

WGM never requested—let alone obtained—permission to file a late proof of service; subsequent actions are therefore void. Any suggestion by WGM that it obtained substituted service under § 308(2)—which permits leaving copies of the pleadings with a non-residential doorman—on December 31, 2020, at Carlin's Manhattan residence fails for the same reason. *See* Affidavit of Service, ECF No. 5 (filed on February 24, 2021).

The Court also denies WGM's request that it *nunc pro tunc* deem these late affidavits of service timely. A court may not issue an order curing a failure to timely file proof of service "retroactive to a defendant's prejudice by placing the defendant in default as of a date prior to the order, nor may a court give effect to a default judgment that, prior to the curing of the irregularity, was a

6

nullity requiring vacatur." *Miller Greenberg Mgt Group, LLC v. Couture*, 147 N.Y.S. 3d 218, 220 (N.Y. App. Div. 3d Dep't 2021) (internal quotations omitted).

## II.    Default Under Rule 60(b)(6)

To dispel any lingering ambiguities regarding proper service, the Court finds an independent reason under Rule 60(b)(6) to vacate the default judgment. "When a district court decides a motion to vacate a default judgment pursuant to the provisions of Rule 60(b), the court's determination must be guided by three principal factors: '(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice.'" *State St. Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166–67 (2d Cir. 2004) (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)).  Despite the Court's conclusion that default was willful, these factors, on balance, nevertheless favor vacatur.

### a.  Willfulness

Carlin's default was willful. Despite receiving numerous notices of this lawsuit—and even repeatedly checking the case's docket, *see* Carlin Decl. ¶¶ 13, 15—Carlin failed to either appear or respond. Instead, Carlin determined on his own that service was improper and made the strategic decision to ignore an otherwise "vindictive and malicious" lawsuit. *Id.* ¶ 7. Ultimately, Carlin's failure to respond was "more than merely negligent or careless" conduct. *See McNulty*, 137 F.3d at 738.

Carlin also blames his failure to respond on his belief that "[WGM] had decided not to go forward with this action" after he refused to appear. Carlin Decl. ¶ 18. Carlin provides no justification as to why WGM would have suddenly decided to end its litigation, other than highlighting that WGM did not further respond over e-mail when Carlin refused to pay service

fees. *Id.* ¶¶ 17, 18. Without more, Carlin's explanation is incredible.

### b. Meritorious Defense

A meritorious defense need not be ultimately persuasive, but rather is sufficient if it gives "the factfinder some determination to make." *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (internal quotation omitted). Carlin asserts, among other defenses, that because he allegedly only viewed the electronic files at issue, *see* Carlin Decl. ¶¶ 35–36, WGM has failed to demonstrate the minimum damages and losses required for its claims. These facts, if true, clear the "low threshold" required to demonstrate a meritorious defense. *Parisienne v. Heykorean, Inc.*, 19-CV-2257 (VSB), 2019 WL 6324632, at *3 (S.D.N.Y. Nov. 26, 2019) (internal quotation omitted).

### c. Prejudice

WGM's claim of unspecified "additional expense and delay," *see* Pl. Opp'n at 12, is unpersuasive. Since "[s]ome delay is inevitable when a motion to vacate a default judgment is granted [] 'delay alone is not a sufficient basis for establishing prejudice.'" *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). Further, WGM's "unsubstantiated concerns about diversion" do not support a finding of prejudice. *Holzman Fabian Diamonds Ltd. v. R & E Diamonds LLC*, 17-cv-9489 (AJN), 2019 WL 1099944, at *2 (S.D.N.Y. Mar. 8, 2019).

### d. Weighing the Relevant Factors

Carlin willfully and intentionally chose not to respond to this lawsuit, despite receiving the summons and complaint on multiple occasions. Typically, a willful default "by itself, support[s] [a court's] refusal to vacate the challenged default judgment." *United States v. Chesir*, 526 Fed. App'x 60, 62 (2d Cir. 2013) (summary order). However, WGM's failure to comply with the

mailing and notice requirements of Local Civil Rule 55.2(c) ultimately counsels in favor of vacatur. *See* Local Civil Rule 55.2(c), Joint Local Rules, S.D.N.Y. and E.D.N.Y.; *Saheed v. Parker*, 17 Civ. 6151 (PGG) (HBP), 2019 WL 1324026, at *3 (S.D.N.Y. Mar. 25, 2019). Contrary to WGM's assertions, there is nothing in Local Civil Rule 55.2(c) that suggests this provision is limited to a formal motion; indeed, 55.2(b) and (c)'s plain language encompasses any application to the Court for default judgment. Local Civil Rule 55.2 ("[T]he party seeking a judgment by default *shall apply* to the Court . . . [and] *all papers* submitted to the Court . . . shall simultaneously be mailed to the party against whom a default judgment is sought. . .") (emphasis added).

Certainly Carlin, an experienced New York litigator licensed to practice both in the State of New York and before this Court, can be reasonably expected to know that failing to respond to a complaint or otherwise appear would likely result in a default judgment. *Cf. Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, 241 F.R.D. 451, 454 (S.D.N.Y. 2007) ("[A] reasonable non-lawyer should have realized that *some* sort of response to the summons and complaint was necessary."). However, considering WGM's failure to comply with Local Civil Rule 55.2(c), Carlin's unrebutted assertion that he received no other notice of default[2], and the Second Circuit's "strong preference for resolving disputes on the merits," *Am. All. Ins. Co., Ltd.*, 92 F.3d. at 62, the Court grants Carlin's motion.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendant Allan Carlin's motion to

---

[2] The Court also rejects that WGM's February 2, 2021, letter sufficiently notified Carlin of its intent to seek default. The letter indicates WGM's intentions to "file a motion with the Court" if Carlin failed to pay service costs. Baum Decl., Ex. E. A defendant who fails to waive service without good cause must pay service costs, not face default. *See* Fed. R. Civ. P. 4(d)(2). WGM's vague reference to a "motion" therefore could not, without more, be reasonably construed as a default motion.

9

vacate the certificate of default and default judgment against him. The Clerk of Court is directed to vacate the certificate of default at ECF No. 8, the default judgment at ECF No. 9, and close ECF No. 21.

Dated: New York, New York
December ___, 2022

SO ORDERED

*/signature/*

HONORABLE PAUL A. CROTTY
United States District Judge