USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/10/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM GOTTLIEB MANAGEMENT CO., LLC,

           Plaintiff,

-against-

ALLAN CARLIN,

           Defendant.

20-CV-8907 (VM) (BCM)

**REPORT AND RECOMMENDATION TO THE HON. VICTOR MARRERO; ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On May 6, 2025, I granted defendant Allan Carlin's motion for leave to file his Amended Counterclaim after concluding – over vigorous opposition from plaintiff William Gottlieb Management Co. (WGM) – that it adequately states a claim for replevin under New York law. *See William Gottlieb Mgmt. Co., LLC v. Carlin*, 2025 WL 1307701, at *5-7 (S.D.N.Y. May 6, 2025) (*WGM v. Carlin*). WGM did not object to my ruling pursuant to Fed. R. Civ. P. 72(a). Instead, on May 20, 2025, it moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the same Amended Counterclaim, on the ground that it fails to state a claim for replevin under New York law. *See* Pl. Mot. (Dkt. 115) at 2. That motion is now before me for report and recommendation. (*See* Dkt. 116.) Because I have already considered and rejected all of the arguments raised by WGM, I recommend, respectfully, that the motion to dismiss be denied.

**I.    BACKGROUND**

WGM commenced this action on October 23, 2020, alleging that defendant Carlin – a lawyer previously retained to perform legal services for WGM – violated the Stored Communications Act and breached a common-law duty of care to his former client when he "accessed, viewed, added, edited, and/or deleted files and folders" within the WGM Dropbox Professional Account (the WGM Dropbox), at various times in 2019, using his WGM-authorized login credentials (which plaintiff never revoked). Compl. (Dkt. 1) ¶¶ 12-15.

On June 21, 2024, Carlin, who is representing himself in this action, filed a counterclaim alleging that WGM "wrongfully detain[ed]" various files that he "uploaded" to the WGM Dropbox. (Dkt. 61 at ECF pp. 5-6, ¶¶ 1-4.) On August 5, 2024, WGM moved to dismiss the counterclaim, arguing principally that it failed to state a cognizable claim for replevin under New York law. (Dkt. 76.) On January 17, 2025, I recommended that the motion to dismiss be granted but that Carlin be given 30 days to seek leave to amend. (Dkt. 100.) Neither party objected to my recommendation. On February 18, 2025, Carlin sought leave to file his Amended Counterclaim pursuant to Fed. R. Civ. P. 15(a)(2). (Dkt. 101.)

WGM opposed the motion on futility grounds, contending that Carlin's factual allegations failed to establish the elements of a replevin claim under New York law. In particular, plaintiff argued that "WGM has an exclusive property right in the WGM Dropbox Account and any documents copied thereto by any previously or currently licensed user," and thus that Carlin "had access, but never any property right, to the WGM Dropbox Account or its contents while providing legal services to Plaintiff." Pl. Opp. to Mot. to Amend (Dkt. 107) at 2. Additionally, WGM argued that Carlin could not establish that his "demand for possession" of his property "was refused," as required by New York law, because WGM "offered," during the discovery period, "to return the files Carlin seeks in his replevin claim without directly accessing them." *Id.* at 2-3; *see also id.* at 4 (asserting that WGM "has offered Carlin the files that he seeks through his replevin claim, and Carlin has not responded or addressed Plaintiff's offer to date").

On May 6, 2025, I granted Carlin's motion. (Dkt. 109.) Because WGM challenged the legal sufficiency of the proposed Amended Counterclaim, I applied the "traditional Fed. R. Civ. P. 12(b) standard." *WGM v. Carlin*, 2025 WL 1307701, at *4 (quoting *New Hampshire Ins. Co. v. Total Tool Supply, Inc.*, 621 F. Supp. 2d 121, 124 (S.D.N.Y. 2009)). Under that standard:

> [T]he question for the court is whether the pleader has presented "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). Those factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). Thus, the courts will not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

*Id*.

I then carefully considered the factual allegations set forth in the proposed Amended Counterclaim and found that they were "sufficient to state a claim for replevin." *WGM v. Carlin*, 2025 WL 130770, at *6. In particular, I rejected WGM's unsupported *ipse dixit* as to its "exclusive property right" to the contents of the WGM Dropbox. *Id*. Additionally, I explained that "[w]here, as here, the property is electronic – and the claimant's alleged injury flows from the accused party's continued possession of any copy of that property – 'returning' the property does not mean merely making another copy, whether electronic or paper, for inspection pursuant to Fed. R. Civ. P. 34." *Id.*[1] Consequently, I concluded, "Carlin has adequately alleged all necessary elements of his replevin claim, including that he demanded the return of his property and was refused." *Id*. at *7. That same day, in accordance with my direction, *see id.* at *8, Carlin filed his Amended Counterclaim (Am. Countercl.) as a separate entry on ECF. (Dkt. 110.)

---

[1] *See also Chefs Diet Acquisition Corp. v. Lean Chefs, LLC*, 2016 WL 5416498, at *7 (S.D.N.Y. Sept. 28, 2016) (permitting replevin case to proceed to trial because "a trier of fact could find that Defendants were (and, indeed, continue to be) in possession of property as to which Chefs Diet claims to have a superior right – namely, the 2010 customer list"); *Jamison Bus. Sys., Inc. v. Unique Software Support Corp.*, 2005 WL 1262095, at *22 (E.D.N.Y. May 26, 2005) (holding that, after prevailing at trial on their replevin claims as to certain computer programs, plaintiffs were entitled to an order directing defendants to "turn over to the plaintiffs" the programs at issue and prohibiting defendants from using any such programs themselves).

WGM could have objected to my ruling on the motion to amend pursuant to Rule 72(a), but chose not to, thereby rendering it unappealable. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."); *Kilcullen v. New York State Dep't of Transp.*, 55 F. App'x 583, 585 (2d Cir. 2003) (summary order) (dismissing appeal from magistrate judge's ruling on motion to amend because appellant, having failed to object under Rule 72(a), "may not challenge that ruling in this Court"). Instead, on May 20, 2025, plaintiff filed the instant motion to dismiss the Amended Counterclaim.

Plaintiff contends – again – that Carlin's factual allegations fail to establish the elements of a replevin claim under New York law. Pl. Mot. at 2. In particular, it argues – again – that "WGM has an exclusive property right in the WGM Dropbox Account and any documents copied thereto by any previously or currently licensed user," and thus that Carlin "had access (but not any property right) to the WGM Dropbox Account while providing legal services to WGM." *Id*. Additionally, WGM argues – again – that Carlin cannot establish that his demand for possession of his property was "refused," as required by New York law, because WGM's counsel "has notified Carlin of Plaintiff's intent and attempt to produce the files underlying his replevin claim at Carlin's request and direction," but Carlin has "not responded to the above request to date." *Id.* at 4.

As support for this portion of its argument, WGM submits the declaration of its attorney Andrew M. Clark (Clark Decl.) (Dkt. 115-1), attaching a series of discovery-related emails exchanged between Clark and Carlin in August 2024. These are the same emails that WGM relied on and quoted from in its opposition to Carlin's motion to amend. *See* Pl. Opp. to Mot. to Amend at 4. In the last email of the series, dated August 12, 2024, WGM offered to "discuss a mutually acceptable manner of producing" various electronic files, apparently including those that are the

4

subject of Carlin's replevin claim. *See* Clark Decl. Ex. A (Dkt. 115-2) at ECF p. 2. However, it did not offer to "return" the files, that is, to turn them over to Carlin without keeping any copies.

In an order dated May 23, 2025, I noted that all of the arguments raised in WGM's motion to dismiss "were previously raised in its opposition to defendant's motion for leave to amend the counterclaim, and rejected by this Court in its order granting that motion." 5/23/25 Order (Dkt. 118) ¶ 2, and directed WGM to submit a letter "providing the legal authority that, in its view, permits it to press the same arguments a second time." *Id*. WGM submitted its letter on June 2, 2025, but did not provide any authority for its duplicative motion practice. Instead, WGM reiterated its argument that the parties' August 2024 email correspondence (which plaintiff now asks the Court to judicially notice pursuant to Fed. R. Evid. 201) undermines Carlin's factual allegation (*see* Am. Countercl. ¶ 19) that when he demanded the return of his files, WGM refused to deliver them. *See* Pl. Ltr. (Dkt. 121) at 1-2. Additionally, in its June 2 letter, plaintiff "clarif[ied]" (for the first time) that it "intends to fully return the documents at issue to Carlin upon his approval of the form of return, and not merely 'for discovery purposes only.'" *Id*. at 2.

Ordinarily, it is my practice to set a briefing schedule and consider the opposing party's opposition before issuing a ruling or a recommendation with respect to a motion to dismiss. Under the circumstances here presented, however, no additional briefing is required.

**II.     LEGAL STANDARDS**

The legal standards governing WGM's motion to dismiss are as set forth in *WGM v. Carlin*, 2025 WL 1307701, at *4, and reproduced above.

**III.    DISCUSSION**

WGM's arguments in support of its motion to dismiss the Amended Counterclaim are identical to the arguments that it made in connection with Carlin's motion for leave to file that Amended Counterclaim. They have not gotten any stronger since May 6, 2025, when I rejected

5

them in an Opinion and Order that is now the law of the case. I therefore refer the parties to *WGM v. Carlin*, 2025 WL 1307701, and conclude now, as I did on May 6, that "Carlin has adequately alleged all necessary elements of his replevin claim, including that he demanded the return of his property and was refused." *Id.* at *7.

Plaintiff's newest request – that the Court take judicial notice of the parties' discovery-related emails from August 2024 – does not entitle it to a second bite at the apple, much less cause this Court to reconsider its conclusion. First, judicial notice is limited to facts "that [are] not subject to reasonable dispute." Fed. R. Evid. 201(b). Emails between adverse parties do not generally qualify for judicial notice. *See*, *e.g.*, *Bridge Fin. Pty Ltd v. RPE I Inv. I, LLC*, 2024 WL 1806414, at *2 (S.D.N.Y. Apr. 25, 2024); *QED, LLC v. Faber Daeufer & Itrato, P.C.*, 2021 WL 707073, at *3 (S.D.N.Y. Feb. 22, 2021). Consequently, the proffered emails are "matters outside the pleadings," which cannot be considered in connection with WGM's Rule 12(b)(6) motion without converting it into a motion for summary judgment. Fed. R. Civ. P. 12(d). Second – as I explained in *WGM v. Carlin* – even if the facts concerning the parties' discovery-related communications appeared in the Amended Counterclaim itself, they would *not* contradict Carlin's allegation that WGM refused to "return" his files, because WGM's "offer to deliver copies of the [files at issue] was for discovery purposes only," and "did not satisfy [Carlin's] demand that they be 'returned.'" 2025 WL 1307701, at *7. As noted above, nothing in the 2024 email chain suggests that WGM was willing to turn the files over to Carlin without keeping any copies.

The only genuinely new information in WGM's June 2 letter is its assertion that it is now willing to do just that. *See* Pl. Ltr. at 2 ("Plaintiff intends to fully return the documents at issue to Carlin upon his approval of the form of return, and not merely 'for discovery purposes only.'"). This development is of course irrelevant to "the formal sufficiency of [Carlin's] statement of a

6

claim for relief," *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006), which is the issue on a Rule 12(b)(6) motion. But if WGM is in fact willing to "fully return the documents at issue to Carlin," the parties should be able to resolve the counterclaim and thereby – at a minimum – streamline this case, which has already been pending for almost five years, and is ripe for settlement. If they are unable to do so on their own, I will require them to attend a judicially-supervised settlement conference.

## IV.   CONCLUSION

For the reasons set forth above, I recommend, respectfully, that plaintiff's motion to dismiss the Amended Counterclaim (Dkt. 115) be DENIED.

Additionally, I direct the parties to attend a settlement conference before the undersigned magistrate judge on **July 10, 2025, at 2:15 p.m.** A separate order will issue regarding the conduct of the settlement conference.

Dated:  New York, New York
           June 10, 2025

_____
**BARBARA MOSES**
**United States Magistrate Judge**

### NOTICE OF PROCEDURE FOR FILING OF OBJECTIONS
### TO THIS REPORT AND RECOMMENDATION

The parties shall have 14 days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court and delivered to the Hon. Victor Marrero in accordance with Judge Marrero's individual rules of practice. Any request for an extension of time to file objections must be directed to Judge Marrero. **Failure to file timely objections will result in a waiver of such objections and will preclude appellate review**. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x, 486, 487 (2d Cir. 2018); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).